# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DIANA OWEN SMITH,

    Plaintiff,

v.

OHIO SAVINGS BANK, F.S.B.,

    Defendant.

Case No. 2:05-cv-1236-LDG-RJJ

**ORDER**

    Plaintiff Diana Owen Smith seeks damages based upon the credit reporting and dispute investigation procedures of Defendant Ohio Savings Bank, F.S.B., a division of AmTrust Bank. Plaintiff claims Defendant's procedures and notations on her credit report violated the Fair Credit Reporting Act, 15 U.S.C. 1681, and misrepresented Plaintiff's credit report profile and impaired her ability to obtain loans. The parties have filed cross motions for summary judgment (#36, response #39, reply #45), (#37, response #43, reply #44) and supplemental authorities (#46 & #48).

I.   <u>Statement of Facts</u>

    In May of 2003, Defendant provided Plaintiff with an automobile via a loan and security agreement executed in her name only. Plaintiff's husband was not mentioned on the loan agreement or the vehicle's title. There is no evidence that the husband's financial

information was considered in making the loan. Plaintiff paid for the loan from an account held in her name only, but to which both she and her husband contributed.

On October 26, 2004, Plaintiff's husband filed a Chapter 13 Bankruptcy petition in the United States Bankruptcy Court for the District of Nevada. Plaintiff did not file for bankruptcy, but was listed as a spouse on her husband's bankruptcy petition form. As part of the bankruptcy filing, Plaintiff's husband also listed the vehicle as an asset which he declared as exempt. This provided Plaintiff's husband with the benefits of a community stay and co-debtor filing. The husband also listed Defendant as a secured creditor and included Defendant on the mailing list of creditors to be notified of the petition.

Upon learning of the bankruptcy petition, Defendant transmitted a report to national credit reporting agencies (CRAs) stating that Plaintiff's loan agreement was included in bankruptcy and that Plaintiff's credit report profile should be updated to reflect that notation. While Defendant's communication to the CRAs is not part of the record, Defendant asserts it is common industry practice, in community property states such as Nevada, to place a bankruptcy notation on the file of a non-filing spouse, because the debt is presumed to be communal. However, Defendant's Policy and Procedure Manual contains instructions to leave a consumer information indicator regarding bankruptcy blank on the credit report of a spouse who has not filed for bankruptcy.

Plaintiff was unaware of the bankruptcy notation on her credit report profile until she was denied additional financing, on January 13, 2005, from Defendant and another financial institution. Once denied, Plaintiff received a copy of her credit report from TransUnion and Experian. The report contained notations stating "Chapter 7 Bankruptcy," "Debt included in Chapter 7 Bankruptcy Nov. 30, 2004" and "Discharged through Bankruptcy" regarding Defendant's loan.

Plaintiff contested these notations with the CRAs, Experian and TransUnion, on August 10, 2005. Pursuant to the Fair Credit Reporting Act (FCRA), the CRAs transmitted

the dispute to Defendant for investigation. Defendant conducted a review of the account and concluded that the account had been referenced in a bankruptcy case but added the notation "paid or paying as agreed" to the credit report. Plaintiff then filed this suit alleging violation of 15 U.S.C. § 1681s-2b. Defendant subsequently removed the bankruptcy notations from Plaintiff's credit report profile.

## II.   Summary Judgment Standard

Summary judgment is appropriate if, after a review of the record, viewed in the light most favorable to the non-moving party, *see Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970), (1) there are no issues of material fact and (2) the moving party is entitled to judgment as matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A material fact is one required to prove a basic element of a claim. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (9186). Ultimately, "summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248.

A review of the record reveals genuine issues of material fact which preclude summary judgment.

### A. Defendant's Motion for Summary Judgment

#### 1. The Accuracy of Defendant's Notations

The Fair Credit Reporting Act (FCRA) was prefaced with a Congressional finding that "unfair credit methods undermine the public confidence . . . essential to the continued functioning of the banking system." 15 U.S.C. § 1681(a)(1). As a general matter, the Ninth Circuit has found that § 1681s-2(a) contains "a flat prohibition" against purposely or negligently furnishing inaccurate information about a consumer to a CRA and "imposes a duty on regular furnishers of information to correct and update the information they provide

3

so that the information is complete and accurate." *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002) (citations omitted).

If the information provided to a CRA is contested by a consumer, the FCRA requires the furnisher of the disputed information: 1) to conduct a reasonable investigation with respect to disputed information; 2) to review all relevant information provided by the CRA; 3) to report the results of its investigation to the CRA; and 4) to report inaccurate or incomplete results regarding the notation to all nationwide consumer reporting agencies to which the furnisher provided the information. *See Nelson*, at 1059. In the instant case, Plaintiff alleges inter alia that Defendant violated § 1681s-2 by intentionally or negligently reporting inaccurate information to a CRA, and by failing to investigate and correct inaccurate information once placed on notice by a consumer.

There are genuine issues of material fact regarding the accuracy of Defendant's notations and the reasonableness of Defendant's investigative procedures once those notations were contested. Defendant's bankruptcy notations of "Chapter 7 Bankruptcy," "Debt included in Chapter 7 Bankruptcy Nov. 30, 2004" and "Discharged through Bankruptcy" viewed in a light most favorable to the Plaintiff, could be found by a jury sufficiently inaccurate to constitute a violation of § 1681s-2. Although the 9th Circuit has yet to rule on the substance of inaccurate reports under §1681s-2, other circuits have held that an inaccurate credit report may violate any section of the FCRA if it provides inaccuracies that render the reported information misleading. *See, e.g., Saunders v. Branch Banking and Trust Co. of V.*, --- F.3d ---, 2008 WL 2042620 (4th Cir. 2008); *Dalton v. Capital Associated Indus.*, Inc. 257 F.3d 409, 415 (4th Cir. 2001); *Koropoulos v. Credit Bureau, Inc.*, 734 F.3d 37, 40-42 (D.C. Cir. 1984).

4

In this case, determining whether the reported information is misleading is a question for the trier of fact. *See Spellman v. Experian Info. Solutions, Inc.*, 2002 WL 799876 (D. Nev.) (denying judgment on pleadings based on an allegedly misleading bankruptcy notation subsequent to divorce). The court finds that a reasonable jury could conclude that the bankruptcy references on Plaintiff's credit report misled potential creditors into believing that Plaintiff had filed for bankruptcy, and that such an inaccurate representation violated the FCRA's standard of reasonableness.

### 2. The Reasonableness of Defendant's Investigation

There are also genuine issues of material fact regarding Defendant's investigation of the disputed information. Defendant fails to provide evidence regarding the specific actions taken after Plaintiff contested the notations. Rather, Defendant relies upon its employee's belief that Defendant conducted an adequate and reasonable investigation.

Significantly, Plaintiff submits that Defendant ignored its own policy and procedure manual, which effectively prohibits bankruptcy notations on the credit reports of non-filing spouses. Defendant does not directly respond to this assertion, and viewing the evidence in the light most favorable to Plaintiff, the court finds that such an irregularity raises a singular issue of fact regarding the reasonableness of the investigation.

Finally, Defendant's unexplained removal of the bankruptcy notation from Plaintiff's credit report after the initiation of this litigation also raises factual inquires regarding the appropriateness of Defendant's investigative procedures.

### 3. Defendant's Community Property Bankruptcy Presumption Defense

Defendant also asserts that it is standard industry practice, among creditors operating in community property states, to place a bankruptcy notation on the credit report of both spouses, even if only one spouse files for bankruptcy. Defendant claims that the

vehicle was a community asset of both Plaintiff and her husband, the debt owed on the vehicle was community debt, and the husband reported the vehicle as an asset with the associated debt when he filed for bankruptcy.  Defendant also stresses that Plaintiff's husband benefited from a community stay and co-debtor filing in his bankruptcy proceedings which discharged Plaintiff's debt to Defendant.

That such a community property presumption exists does not mean that a furnisher of information is excused as a matter of law from providing misleading information or failing to conduct a reasonable investigation after a dispute.  Although Nevada law presumes property acquired after marriage is community property, Nev. Rev. Stat. 123.220, Plaintiff may overcome the community property presumption with clear and convincing evidence. *See Peters v. Peters, 92 Nev. 687, 689;* 557 P.2d 713, 715 (Nev. 1976).   Ultimately, a jury may evaluate facts such as whether the spouses were both signatories to the loan, whether the vehicle was acquired with separate property and the intent of the lender when granting the loan.  *Lawver v. Norwest Financial*, 109 Nev. 242, 246, 849 P.2d 324, 326 (Nev. 1993).  *See also Pryor v. Pryor*, 103 Nev. 148, 150, 734 P.2d 718, 719 (Nev. 1987).  Similarly, any benefit that Plaintiff received as a result of her husband's filing would impact the characterization of the property – a subject which remains disputed.  In sum, material and genuine issues exist, which merit a jury's factual review.

B.  Plaintiff's Motion for Summary Judgment

Plaintiff seeks summary judgment as to liability, relying heavily on this court's determination in *Spellman v. Experian Info. Solutions, Inc.*, 2002 WL 799876 (D. Nev.) which condemned credit reports that "can mislead the reader to [make] inaccurate conclusion[s]."   In *Spellman*, however, this court merely ruled that, because of the misleading nature of the information involved, defendant was not entitled to a judgment on

6

the pleadings.  Since *Spellman* did not determine what might be misleading, as a matter of law, it does not apply to the instant analysis.  In short, this court finds that issues of fact exist regarding Defendant's statutory compliance and that Plaintiff is not entitled to summary judgment as to liability.[1]

THE COURT **ORDERS** that Defendant's and Plaintiff's Motions for Summary judgment (#36 & #37) are DENIED.

DATED this ___3___ day of July, 2008.

_____
Lloyd D. George
Sr. U.S. District Judge

---

[1] Plaintiff's efforts to seek recovery under § 1681i and § 1681e are misplaced.  Sections 1681e and 1681i impose requirements upon CRAs, but not upon entities which are merely furnishers of information, such as Defendant.